EMILY COUNTRYMAN, RESPONDENT, v. HENRY P. NORTON, EXECUTOR, &c., APPELLANT.

*A justice of the Supreme Court cannot act as a referee—Const., art. 6, sec. 25—a party cannot waive the prohibition contained therein—when a case may be sent back to a referee after his term as a justice of the Supreme Court has ceased.*

In July, 1877, a claim against the estate of a deceased person was, pursuant to the statute, referred to J. L. Angle, Esq., to hear and determine. The trial was commenced on the 4th day of September, 1877, and continued by adjournments until December 22, 1877, when it was suspended without day. On December 20, 1877, the said J. L. Angle was appointed a justice of the Supreme Court, to fill a vacancy therein, and on December 22 he accepted the said office and entered upon and continued to discharge the duties thereof until the expiration of the term for which he was appointed, viz.: December 31, 1878.

On August 10, 1878, the said J. L. Angle, as referee as aforesaid, made and filed his report in the case. Upon an appeal from an order denying a motion to vacate the report, on the ground that the referee was incompetent to act as such while holding the office of a justice of the Supreme Court.

*Held,* that the prohibition contained in sec. 25 of art. 6 of the Constitution, was absolute and peremptory, and prevented any justice of the Supreme Court from acting as a referee.

That the facts that the trial of the action had been commenced before he was appointed a justice of the said court, and that he acted without making any charge for his services, did not relieve him from the said prohibition.

That the provision could not be waived by any stipulation or acts on the part of the defendant.

That as the referee had since ceased to be a justice of the Supreme Court, his report should be set aside, and either party should be allowed to proceed with the reference on the evidence and proceedings as they stood on the 22d day of December, 1877.

HUN.—VOL. XXI. 2

APPEAL from an order made at a Special Term, denying a motion made by the defendant to set aside the report of a referee.

*J. D. Decker*, for the appellant.

*A. P. Butts*, for the respondent.

TALCOTT, P. J.:

This is an appeal from an order made at the Monroe Special Term, on the 3d day of July, 1879, denying a motion made by the defendant to set aside the report of the referee in this case.

The case was a reference of a claim made against the estate of a deceased person which had been rejected by the defendant as the executor of the deceased, and which in July, 1877, was referred to J. L. Angle, Esq., to hear and determine, with the approval of the surrogate of Monroe county, pursuant to the statute in such case provided, and on which an order for such reference was entered. The trial of the action commenced about the 4th day of September, 1877, before said referee, and was continued by adjournments from time to time, until December 22d, 1877, when the further trial of the action was suspended without day. On the 20th day of December, 1877, by reason of a vacancy which had occurred in the office of Justice of the Supreme Court for the Seventh Judicial District, occasioned by the death of the late Judge Rawson, the said referee, James L. Angle, Esq., was appointed by the Governor a justice of this court.

On the 22d day of December the said referee accepted the said appointment, and duly qualified by taking the constitutional oath of office; and on that day entered upon the duties of the office, and continued to discharge the same during the continuance of such appointment. On the 10th day of August, 1878, the said James L. Angle made a decision of the case as such referee, and his report was filed August 14, 1878, and the motion for the order now appealed from was made upon the ground that the said referee was incompetent to act as such whilst holding the office of a justice of the Supreme Court, under the twenty-first section of the sixth article of the constitution. That portion of the section of the constitution referred to is as follows: "Nor shall any judge of the

Court of Appeals, justice of the Supreme Court, or a judge of a court of record in the cities of New York, Brooklyn or Buffalo practice as an attorney or counsellor in any court of record in this State, or *act as referee.*"

This is a direct and express prohibition in the fundamental law prohibiting either of the officers named from acting as a referee whilst he holds such office.

It seems to be entirely plain in its meaning, and requiring and permitting no resort to any extraneous circumstances to guide us in its interpretation.

The language being unambiguous, and the words plain and clear, the intention of the people in adopting the instrument is to be sought, therefore, in the language of the instrument itself, in order to ascertain the intention of the framers of it. It is peculiarly true of the fundamental laws called written constitutions, adopted by the people at large, that, if the provision in question is plain and clear on the face of it, it is to be presumed that the language was used in the ordinary acceptation, and is to be literally interpreted, and exceptions are not to be engrafted on it by any speculation as to the reasons which have induced its adoption, in order to defeat the literal interpretation of its provisions. And that which fairly cannot be held to be within the literal signification of its provisions, cannot be held to be included within it; nor can exceptions be made to those provisions which the language used does not fairly warrant.

It is safer for the judicial department to follow the plain intent and obvious meaning of the provisions of a constitution rather than to speculate as to what the intent of its framers might have been in view of the emergency which has arisen, had such emergency been presented to them.

This same provision of the constitution has been under adjudication by the Court of Appeals in *Settle* v. *Van Evrea* (49 N. Y., 281), in which case the above principles of interpretation are fully recognized and applied to the provision in question. In that case, the court, per ALLEN, J., states the rule to be that: "Where the terms of a written constitution are clear and unambiguous, and have a well-understood meaning, effect must be given to the intent as declared by its framers, and adopted by the people as the

organic law of the State, . . . and that it would be dangerous in the extreme to extend the operation and effect of a written constitution by construction beyond the fair scope of its terms, merely because a restricted and more literal interpretation might be inconvenient or impolitic, or because a case may be supposed to be to some extent within the reasons which led to the introduction of some particular provision, plain and precise in its terms."

In the case of *Settle* v. *Van Evrea*, the court held that the restriction against certain judicial officers acting as referees did not apply to "Commissioners of Appeals," because the clause in the Constitution under consideration did not by its terms literally include those officers. Though the same reasons must have existed for including the "commissioners" in the restrictions which were applicable to the judges of the Court of Appeals proper. The same rules of construction must apply to the same section of the Constitution when it is sought to exempt judicial officers who are plainly included within its terms by speculating as to the reasons which led to the introduction of the section, as when it is sought to extend it to officers not literally included within the fair meaning of the terms used.

We cannot, therefore, agree with the opinion of the learned justice who made the order appealed from, delivered at the Special Term, that the provision of the Constitution in question can be limited in its effect, and held to apply only to a prohibition against the judicial officers named in the section from *receiving fees as referees.*

It seems to us if such was the intention of the provision of the Constitution, as the subject-matter was simple and easy of comprehension, it could and would have been expressed in apt words to indicate an intention to exclude the judicial officers named in it from receiving fees when acting as referees, instead of prohibiting them altogether from acting as referees. It is conceded by the learned justice who made the order appealed from, that the constitutional provision in question, if it is to receive a literal interpretation, is broad enough to prohibit the referee from further acting as such after he became a justice of the Supreme Court, and we think it must receive such interpretation.

It is claimed by the plaintiff, in opposition to the motion, that a stipulation has been signed by the attorneys for the respective parties, by which it was agreed on both sides to waive "every legal and constitutional objection" to the power and jurisdiction of the referee that might arise from the fact that he had been appointed a justice of the Supreme Court in which the action was pending, after his appointment as referee, and also that sundry proceedings had been taken on the part of the defendant which likewise had the effect of waiving such objection.

It is true that a party to an action may directly, or impliedly, waive a constitutional provision intended solely for the benefit of himself, and others situated in like circumstances. But the provision in question was obviously founded in public policy, and not for the sole protection and benefit of those suitors who are situated in like circumstances with the defendant in this suit. The defendant furthermore claims that his *cestui que trusts*, the heirs of the decedent, refuse to be bound by any such waiver, or to allow a judgment thus obtained to be charged against the estate. We do not think the provision of the Constitution in question is one which could be waived by the defendant, and therefore that all proceedings had by and before the referee after he took the oath of office as a justice of this court are *coram non judice*, and void.

The referee has since ceased to be a justice of this court, the term for which he was appointed having expired, and it is competent for the referee now to proceed with the case, the proofs not having been closed, or the case submitted to him until after his official term had commenced. So that the evidence already taken while he was lawfully acting as a referee can be retained in the case, together with such other evidence as may be necessary, or which either party may desire, under the direction of the referee, to introduce.

The motion to set aside the report of the referee, such report having been made during the period in which he was incompetent to act as referee, should have been granted. But as both the attorneys seem to have acted under a misapprehension of the effect of the constitutional provision, it is not a case for imposing the costs upon either party.

The order appealed from is reversed, and the report of the

referee, and all subsequent proceedings, set aside, with costs to neither party, and with leave to either party to proceed with the reference on the evidence and proceedings as they stood on the 22d day of December, 1877.

Present—TALCOTT, P. J., SMITH and HARDIN, JJ.

Ordered accordingly.